1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2

3  THOMAS MOORE (ALBN 4305-O78T)
   Assistant United States Attorney
   Chief, Tax Division
4

5  CYNTHIA L. STIER (DCBN 423256)
   Assistant United States Attorney
6  Tax Division

7
        450 Golden Gate Avenue
8       San Francisco, California 94546
        Telephone: (415) 436-7000
9

10  Attorneys for the United States of America

11                    UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

    UNITED STATES OF AMERICA,          )   CASE NO. CV
14                                      )
         Plaintiff,                     )
15                                      )
                                        )   COMPLAINT
16       v.                             )
                                        )
17  ROZANN M. STENSHOEL SOUSA,          )
    MICHAEL STENSHOEL, ANNA             )
18  STENSHOEL, PJ TRUST, FAMILY TRUST,  )
    THE CADE CORPORATION, NORMAN R.     )
19  ANGELL, and BANK OF THE WEST,       )
                                        )
20       Defendants.                    )
                                        )
21  _____    )

22       Now comes the United States of America, by and through its undersigned counsel, and

23  complains and alleges as follows:

24                        **JURISDICTION AND VENUE**

25       1.     This is a civil action brought by the United States to: (a) reduce to judgment the

26  outstanding federal tax assessments made against Rozann M. Stenshoel Sousa (hereafter "Rozann

27  Sousa") for tax years 2000, 2001, 2002, and 2003; (b) to adjudicate that the PJ Trust is and was a

28  nominee, alter ego and/or fraudulent transferee of Rozann Sousa; (c) to adjudicate that the PJ Trust is a

1  sham trust and that the 100,000 shares of The Cade Corporation (hereinafter "Cade") stock transferred to

2  PJ Trust by Rozann Sousa be declared null and void;  and (d) to foreclose federal tax liens securing

3  those tax assessments, along with the judgment, upon Rozann Sousa's interest in Cade.

4      This civil action brought by the United States also seeks to: (e) reduce to judgment the outstanding

5  federal tax assessments made against Michael Stenshoel and Anna Stenshoel for tax years 2000, 2001,

6  2002, 2003, and 2005; (f) to adjudicate that the Family Trust is and was a nominee, alter ego, and/or

7  fraudulent transferee of Michael Stenshoel;  (g) to adjudicate that the Family Trust is a sham trust and

8  that the 100,000 shares of Cade stock transferred to Family Trust by Michael Stenshoel be declared null

9  and void; (h) to foreclose federal tax liens securing those tax assessments, along with the judgment,

10  upon Michael Stenshoel and Anna Stenshoel's interest in Cade.

11      2.      This action is commenced pursuant to 26 U.S.C. §§ 7401, 7402, and 7403(a) at the

12  direction of the Attorney General of the United States, with the authorization and sanction and at the

13  request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the

14  Treasury.

15      3.      Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1340 and 1345,

16  and under 26 U.S.C. §§ 7402(a) and 7403.

17      4.      Pursuant to 28 26 U.S.C. §§ 1391 and 1396, venue is proper in the Northern District of

18  California because the defendants/taxpayers, Rozann Sousa, Michael Stenshoel and Anna Stenshoel,

19  reside in this judicial district, the tax liabilities arose within this judicial district, and Cade is located

20  within this judicial district.

21                              **IDENTIFICATION OF DEFENDANTS**

22      5.      Defendant, Rozann Sousa currently resides at 1595 Enos Lane, Watsonville, California

23  95076.  Defendant Rozann Sousa is the sister of defendant Michael Stenshoel.

24      6.      Defendant Michael Stenshoel currently resides at 800 Maple Avenue, San Martin,

25  California 95046.  Defendant Michael Stenshoel and Defendant Anna Stenshoel are husband and wife.

26      7.      Defendant Anna Stenshoel currently resides at 800 Maple Avenue, San Martin,

27  California 95046.

28      8.      Defendant, The Cade Corporation, is located at 100 Lewis Street, San Jose, California,

1  and its agent for service of process is Norman Angell.

2   9.   PJ Trust is made a party pursuant to 26 U.S.C. § 7403(b) in that it may claim an interest

3  in the property against which the United States seeks to foreclose its tax liens.

4   10.   Family Trust is made a party pursuant to 26 U.S.C. § 7403(b) in that it may claim an

5  interest in the property against which the United States seeks to foreclose its tax liens.

6   11.   Defendant, Norman Angell, currently resides at 3024 High Range Dr., Las Vegas,

7  Nevada 89134, and is made a party pursuant to 26 U.S.C. § 7403(b) in that he, in his personal and/or

8  professional capacities as an officer or director of Cade, whatever capacities he serves as, may claim an

9  interest in the property against which the United States seeks to foreclose its tax liens.

10   12.   Defendant, Bank of the West, is made a party pursuant to 26 U.S.C. § 7403(b) in that it

11  may claim an interest in the property against which the United States seeks to foreclose its tax liens.

12   **THE SUBJECT PROPERTY – THE CADE CORPORATION**

13   13.   On August 30, 2004, Michael Stenshoel and Rozann Sousa were each issued 100,000

14  shares of Cade stock, thereby becoming the sole shareholders and owners of Cade.

15   14.   On May 5, 2006, Rozann Sousa and Michael Stenshoel were each re-issued 100,000

16  shares of Cade stock.

17   15.   Norman R. Angell became Chief Executive Officer, Secretary, Chief Financial Officer,

18  and Director of Cade, and assisted in the transfer of Cade stock from both Rozann Sousa and Michael

19  Stenshoel to the PJ Trust and the Family Trust, respectively.

20   16.   On January 4, 2013, Rozann Sousa, assisted by Norman R. Angell, transferred her

21  100,000 shares of stock in Cade to the PJ Trust.

22   17.   On January 4, 2013, Michael Stenshoel, assisted by Norman R. Angell, transferred his

23  100,000 shares of stock in Cade to the Family Trust.

24   18.   On or before February 10, 2017, Norman R. Angell became President of Cade.

25   **COUNT ONE**

26   **REDUCE ASSESSMENTS TO JUDGMENT – ROZANN M. STENSHOEL SOUSA**

27   19.   The United States re-alleges the allegations in paragraphs 1 through 18 above, as if fully

28  set forth herein.

Complaint                                    3

1  20.  A delegate of the Secretary of the Treasury made assessments against defendant, Rozann

2  Sousa, for unpaid federal income taxes (Form 1040), penalties, and interest as set forth below:

| KIND OF TAX | TAX PERIOD | ASSESSMENT DATES | UNPAID BALANCE OF TAXES PENALTIES AND INTEREST AS OF JUNE 29, 2017 |
|---|---|---|---|
| 1040 | 2000 | 12/04/2006 | $ 278,048.65 |
| 1040 | 2001 | 11/27/2006 | $ 698,293.16 |
| 1040 | 2002 | 05/14/2007 | $ 261,394.06 |
| 1040 | 2003 | 05/14/2007 | $ 201,893.49 |
| TOTAL | | | $1,439,629.36 |

8  21.  Despite timely notice and demand for payment of the taxes, penalties, and interest

9  described in paragraph 20 above, defendant, Rozann Sousa, has neglected, failed, or refused to pay the

10  taxes, penalties, and interest described in paragraph 20 above, and there remains due and owing on said

11  assessments, as of June 29, 2017, the sum of $1,439,629.36, plus accrued interest and penalties and

12  other statutory additions as provided by law, minus any credits.

13  **COUNT TWO**

14  **FORECLOSE FEDERAL TAX LIENS ON SUBJECT PROPERTY**

15  22.  The United States re-alleges the allegations in paragraphs 1 through 21 above, as if fully

16  set forth herein.

17  23.  On the dates and for the tax periods listed below, in order to provide notice to third

18  parties of statutory liens in compliance with 26 U.S.C. § 6323, the IRS properly filed notices of federal

19  tax lien against Rozann Sousa for unpaid federal income taxes, penalties, interest, and other statutory

20  additions as follows:

| TAX PERIOD | DATE NOTICE OF FEDERAL TAX LIEN FILED | COUNTY WHERE TAX LIEN RECORDED |
|---|---|---|
| 2000 | 07/13/2007 Refiled 09/23/2016 | Santa Clara |
| 2000 | 07/16/2007 Refiled 09/15/2016 | California Secretary of State |
| 2000 | 12/22/2015 Refiled 09/13/2016 | Santa Cruz |
| 2001 | 07/13/2007 Refiled 09/23/2016 | Santa Clara |
| 2001 | 07/16/2007 Refiled 09/15/2016 | California Secretary of State |
| 2001 | 12/22/2015 | Santa Cruz |

Complaint  4

| TAX PERIOD | DATE NOTICE OF FEDERAL TAX LIEN FILED | COUNTY WHERE TAX LIEN RECORDED |
|---|---|---|
| 2002 | 08/20/2007 Refiled 09/23/2016 | Santa Clara |
| 2002 | 08/22/2007 Refiled 09/15/2016 | California Secretary of State |
| 2002 | 08/22/2007 Refiled 09/13/2016 | Santa Cruz |
| 2003 | 08/20/2007 Refiled 09/23/2016 | Santa Clara |
| 2003 | 08/22/2007 Refiled 09/15/2016 | California Secretary of State |
| 2003 | 08/22/2007 Refiled 09/13/2016 | Santa Cruz |

## COUNT THREE

**REDUCE ASSESSMENTS TO JUDGMENT – MICHAEL AND ANNA STENSHOEL**

24.     The United States re-alleges the allegations in paragraphs 1 through 23 above, as if fully set forth herein.

25.     A delegate of the Secretary of the Treasury made assessments against defendants, Michael Stenshoel and Anna Stenshoel, for unpaid federal income taxes (Form 1040), penalties, and interest as set forth below:

| KIND OF TAX | TAX PERIOD | ASSESSMENT DATES | UNPAID BALANCE OF TAXES PENALTIES AND INTEREST AS OF JUNE 29, 2017 |
|---|---|---|---|
| 1040 | 2000 | 12/11/2006 | $ 278,823.27 |
| 1040 | 2001 | 12/18/2006 | $ 570,217.11 |
| 1040 | 2002 | 05/04/2007 | $ 296,911.23 |
| 1040 | 2003 | 05/04/2007 | $ 263,632.51 |
| 1040 | 2005 | 04/14/2008 | $ 5,027.43 |
| TOTAL | | | $ 1,414,611.55 |

26.     Despite timely notice and demand for payment of the taxes, penalties, and interest described in paragraph 25 above, defendants, Michael Stenshoel and Anna Stenshoel, have neglected, failed, or refused to pay the taxes, penalties and interest described in paragraph 25 above, and there remains due and owing on said assessments, as of June 29, 2017, the sum of $1,414,611.55, plus accrued interest and penalties and other statutory additions as provided by law, minus any credits.

//

Complaint                                          5

**COUNT FOUR**

**FORECLOSE FEDERAL TAX LIENS ON SUBJECT PROPERTY**

27.    The United States re-alleges the allegations in paragraphs 1 through 26 above, as if fully set forth herein.

28.    On the dates and for the tax periods listed below, in order to provide notice to third parties of statutory liens in compliance with 26 U.S.C. § 6323, the IRS properly filed notices of federal tax lien against Michael Stenshoel and Anna Stenshoel for unpaid federal income taxes, penalties, interest, and other statutory additions as follows:

| TAX PERIOD | DATE NOTICE OF FEDERAL TAX LIEN FILED | COUNTY WHERE TAX LIEN RECORDED |
|---|---|---|
| 2000 | 07/13/2007 Refiled 10/12/2016 | Santa Clara |
| 2001 | 07/13/2007 Refiled 10/12/2016 | Santa Clara |
| 2002 | 11/14/2007 Refiled 10/12/2016 | Santa Clara |
| 2003 | 11/14/2007 | Santa Clara |
| 2005 | 08/06/2008 Refled 06/02/2017 | Santa Clara |

**COUNT FIVE**

**DETERMINATION THAT JP TRUST AND FAMILY TRUSTS ARE SHAM TRUSTS**

29.    The United States re-alleges the allegations in paragraphs 1 through 28 above, as if fully set forth herein.

30.    Rozann Sousa, Michael Stenshoel, and their agents, including Norman R. Angell, formed JP Trust and Family Trust to conceal the ownership interests of Rozann Sousa and Michael Stenshoel and Anna Stenshoel in Cade.

31.    Rozann Sousa continued to control and benefit from all property held by the JP Trust.

32.    Michael Stenshoel continued to control and benefit from all property held by the Family Trust.

33.    JP Trust and the Family Trust, at all times pertinent hereto, had no legitimate business purpose and lacked economic substance.

34.    JP Trust did not act independently of Rozann Sousa.

Complaint                                            6

35.     Family Trust did not act independently of Michael Stenshoel.

36.     Rozann Sousa, Michael Stenshoel, and their agents did not form and operate JP Trust and Family Trust in accordance with California law.

37.     The JP Trust and Family Trust were grantor trusts under the Internal Revenue Code and therefore ineffective to assign income away from Rozann Sousa and/or Michael Stenshoel.

38.     The JP Trust and Family Trust were created and used in an attempt to hide income and assets from the collection efforts of the Internal Revenue Service.

39.     The transfers of the 100,000 shares of stock to the JP Trust, described above, was for no consideration, and made by Rozann Sousa when she knew of her federal income tax liabilities.

40.     The transfers of the 100,000 shares of stock to the Family Trust, described above, was for no consideration, and made by Michael Stenshoel when he knew of his federal income tax liabilities.

41.     Rozann Sousa and Michael Stenshoel, and their agents, controlled the activities of JP Trust and Family Trust with respect to Cade.  Rozann Sousa, Michael Stenshoel, and Norman R. Angell colluded to create and use an abusive trust scheme to attempt to avoid tax assessment and collection.

42.     The JP Trust and Family Trust may be disregarded under federal law in order to collect the tax liabilities of  Rozann Sousa, Michael Stenshoel and Anna Stenshoel, from the proceeds of sale of Cade, which they own.

## COUNT SIX

### DETERMINATION THAT JP TRUST AND FAMILY TRUST ARE ALTER EGOS, NOMINEES, OR FRAUDULENT TRANSFEREES

43.     The United States re-alleges the allegations in paragraphs 1 through 42 above, as if fully set forth herein.

44.     Pursuant to 26 U.S.C. § § 6321 and 6322, tax liens arose in favor of the United States upon all property and rights to property, whether real or personal, belonging to (a) Rozann Sousa as of the dates of the assessments described above in paragraph 20, and (b) Michael Stenshoel and Anna Stenshoel as of the dates of the assessments described above in paragraph 25.

### ROZANN SOUSA AND MICHAEL STENSHOEL RETAINED OWNERSHIP

45.     At all times pertinent herein, the shares of stock have been property belonging to

Complaint                                                      7

1 Rozann Sousa and Michael Stenshoel and only to them. Accordingly, the federal tax liens at issue

2 attached to Rozann Sousa and Michael Stenshoel's interest in the stock when the liens arose, and the tax

3 liens have continued to attach to the stock to the present without interruption.

4    46.    The JP Trust and Family Trust hold nominal title to the stock solely for the benefit of

5 Rozann Sousa and Michael Stenshoel, respectively, who have remained in continuous use, possession,

6 and control of the stock, and have enjoyed all burdens and benefits of ownership.

7    47.    The JP Trust is a nominee or alter ego of Rozann Sousa with respect to the purported title

8 and ownership of the stock and Family Trust is a nominee or alter ego of Michael Stenshoel with respect

9 to the purported title and ownership of the stock.

10    48.    The JP Trust and Family Trust do not now have, nor have they ever had, an ownership or

11 other legitimate interest in the stock. Rozann Sousa and Michael Stenshoel control the JP Trust and

12 Family Trust, respectively, with respect to all actions, if any, affecting the stock.

**Fraudulent Transfer to JP Trust and Family Trust**

14    49.    The transfer of the 100,000 shares of Cade stock to JP Trust described above was

15 intended by Rozann Sousa to hinder, delay, or defraud the United States of America of present and

16 future lawful taxes; therefore, the transfer was and is fraudulent and of no effect as to the United States.

17    50.    The transfer of the 100,000 shares of Cade stock to Family Trust described above was

18 intended by Michael Stenshoel to hinder, delay, or defraud the United States of America of present and

19 future lawful taxes; therefore, the transfer was and is fraudulent and of no effect as to the United States.

20    51.    The transfers of stock to JP Trust and Family Trust, described above, were made without

21 the exchange of reasonably equivalent value and left Rozann Sousa and Michael Stenshoel with

22 remaining assets, which were unreasonably small or insufficient to pay their respective current debts,

23 including lawful tax liabilities; therefore, the transfers were and are fraudulent and of no effect as to the

24 United States.

25    52.    The transfers of Cade stock to JP Trust and Family Trust, described above, were made

26 without the exchange of reasonably equivalent value and during a period when Rozann Sousa and

27 Michael Stenshoel had incurred debts beyond their ability to pay as they came due; therefore, the

28 transfer was and is fraudulent and of no effect as to the United States.

Complaint                                                    8

**COUNT SEVEN**

**FORECLOSURE OF FEDERAL TAX LIENS**

53.    The United States restates and re-alleges paragraphs 1 through 52 as if fully set forth herein.

54.    Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens for unpaid federal taxes arose in favor of the United States on the dates of assessments set forth in paragraphs 23 and 28 above, and attached to all property, whether real or personal, belonging to Rozann Sousa and Michael Stenshoel, respectively, including their respective interest in Cade.

55.    Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens for unpaid federal taxes arose in favor of the United States on the dates of assessments set forth in paragraphs 20 and 25, above and attached to all property, whether real or personal, belonging defendants Rozann Sousa and Michael Stenshoel and Anna Stenshoel, including their interest in the stock of Cade.

56.    The United States is entitled to foreclose its federal tax liens on all property and rights to property belonging to Rozann Sousa and Michael Stenshoel, including their interest in the Cade.

WHEREFORE, the United States of America prays that:

A.    The Court enter Judgment in favor of the United States of America and against:

(i)    Rozann Sousa in the amount of $1,439,629.36 for unpaid federal income tax liabilities for tax years 2000, 2001, 2002, and 2003, plus accrued and unassessed interest and other statutory additions as provided by law from June 29, 2017.

(ii)    Michael Stenshoel and Anna Stenshoel in the amount of $1,414,611.55 for unpaid federal income tax liabilities for tax years 2000, 2001, 2002, 2003, and 2005, plus accrued and unassessed interest and other statutory additions as provided by law from June 29, 2017.

B.    That this Court determine and adjudge:

(i)    that JP Trust is a sham trust which lacks economic substance and which has no existence independent of Rozann Sousa, and that the purported transfer of the 100,000 shares of Cade stock from Rozann Sousa to the JP Trust be declared void and set aside;

(ii)    that Family Trust is a sham trust which lacks economic substance and which has no existence independent of Michael Stenshoel;  and that the purported transfer of the 100,000 shares of

Complaint                                                          9

1  Cade stock from Michael Stenshoel Sousa to the Family Trust be declared void and set aside;

2      C.      That this Court determine and adjudge that JP Trust and Family Trust are the nominees,

3  alter egos, and fraudulent transferees of Rozann Sousa and Michael Stenshoel, respectively, and as such

4  liable for the debts, including tax liabilities, of Rozann Sousa and Michael Stenshoel, respectively, and

5  that the purported transfer of the 100,000 shares of stock to JP Trust, and the purported transfer of

6  100,000 shares of stock to Family Trust be declared null and void.

7      D.      That this Court determine and adjudge that the JP Trust and Family Trust have no interest

8  in the stock of Cade;

9      E.      That this Court determine and adjudge that the United States has valid liens against all

10 property and rights to property of Rozann Sousa and Michael Stenshoel and Anna Stenshoel, including

11 but not limited to the subject property;

12     F.      That this Court determine and adjudge the validity and priority of all liens on and other

13 interests in the real property at issue and order that the proceeds from any judicial sale of such property

14 be distributed accordingly;

15     G.      That the federal tax liens against Rozann Sousa and Michael Stenshoel encumbering the

16 shares of stock in Case be foreclosed and a receiver be appointed to sell Cade to satisfy the liens and

17 outstanding and delinquent federal tax assessments against Rozann Sousa and Michael Stenshoel and

18 Anna Stenshoel; and

19     H.      That the Court award the United States its costs; and,

20     I.      That the Court award the United States any further relief that the court deems just and

21 Proper.

22                                   Respectfully submitted,

23                                   ALEX G. TSE
                                     Acting United States Attorney
24

25                                   _____/s/_____
                                     CYNTHIA STIER
26                                   Assistant United States Attorney
                                     Tax Division
27

28

Complaint                                        10

JS-CAND 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1  U.S. Government Plaintiff

2  U.S. Government Defendant

3  Federal Question
*(U.S. Government Not a Party)*

4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury – Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | **LABOR** | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | 710 Fair Labor Standards Act | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 720 Labor/Management Relations | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / 368 Asbestos Personal Injury Product Liability | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 460 Deportation |
| | 350 Motor Vehicle | 751 Family and Medical Leave Act | 840 Trademark | 470 Racketeer Influenced & Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability / **PERSONAL PROPERTY** | 790 Other Labor Litigation | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury / 370 Other Fraud | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 362 Personal Injury -Medical Malpractice / 371 Truth in Lending | | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | 380 Other Personal Property Damage | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | 385 Property Damage Product Liability | 864 SSID Title XVI | 891 Agricultural Acts |
| | **CIVIL RIGHTS** / **PRISONER PETITIONS** | **IMMIGRATION** | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | 440 Other Civil Rights | 462 Naturalization Application | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 441 Voting / **HABEAS CORPUS** | 465 Other Immigration Actions | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 442 Employment / 463 Alien Detainee | | 871 IRS–Third Party 26 USC § 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations / 510 Motions to Vacate Sentence | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 445 Amer. w/Disabilities– Employment / 530 General | | | |
| 245 Tort Product Liability | 446 Amer. w/Disabilities–Other / 535 Death Penalty | | | |
| 290 All Other Real Property | 448 Education / **OTHER** | | | |
| | 540 Mandamus & Other | | | |
| | 550 Civil Rights | | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

1 Original Proceeding

2 Removed from State Court

3 Remanded from Appellate Court

4 Reinstated or Reopened

5 Transferred from Another District *(specify)*

6 Multidistrict Litigation–Transfer

8 Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**      Yes      No

## VIII. RELATED CASE(S), IF ANY *(See instructions):*

JUDGE                                       DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

**(Place an "X" in One Box Only)**      **SAN FRANCISCO/OAKLAND**            **SAN JOSE**            **EUREKA-MCKINLEYVILLE**

DATE                          SIGNATURE OF ATTORNEY OF RECORD