UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROZANN M. SOUSA, et al.,<br>Defendants. | Case No. 18-cv-03265-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 19 |

Plaintiff the United States has filed suit against, *inter alia*, the following persons and entities: Rozann M. Stenshoel Sousa; Michael Stenshoel; Anna Stenshoel; PJ Trust; Family Trust; the Cade Corporation; and Norman R. Angell (collectively, "Stenshoel Defendants"). In the action, the United States seeks, among other things, to reduce to judgment outstanding federal tax assessments made against Ms. Sousa and the Stenshoels. The United States also seeks a ruling that Ms. Sousa and the Stenshoels made improper transfers to trusts they established to avoid their federal income tax liabilities. Currently pending before the Court is the Stenshoel Defendants' motion to dismiss. Having considered the papers submitted, the Court hereby finds this matter suitable for resolution without oral argument, and thus the hearing on December 12, 2018, is **VACATED**. The Stenshoel Defendants' motion is **GRANTED** but the United States has leave amend.

In the motion to dismiss, the Stenshoel Defendants argue that the tax assessment claims should be dismissed based on the statute of limitations and that, as the remaining claims are dependent on the tax assessment claims, they should also be dismissed.

"Federal courts have repeatedly held that a plaintiff is not required to plead facts in his complaint in order to avoid potential affirmative defenses. Dismissal of claims as barred by the

statute of limitations on a Rule 12(b)(6) motion is therefore appropriate only where it is apparent from the face of the complaint that an action will be time barred." *Belluomini v. CitiGroup, Inc.*, No. CV 13-01743 CRB, 2013 U.S. Dist. LEXIS 103882, at *8 n.3 (N.D. Cal. July 23, 2013). In the instant case, there is no dispute that "the statute of limitations for collection of a tax is ten years after the assessment of the tax. 26 U.S.C. § 6502(a)." *United States v. Kidwell*, No. 2:16-433 WBS EFB, 2017 U.S. Dist. LEXIS 25653, at *6 (E.D. Cal. Feb. 22, 2017). Given the assessment dates identified in the complaint, there does – as a facial matter – appear to be a time bar.

The United States argues, however, that there is no time bar because of tolling. More specifically, "[t]he ten year statute of limitations period is 'suspended for the period during which the [IRS] is prohibited . . . from making a levy[,]' [26 U.S.C.] § 6331(i)(5)," and "[t]he IRS cannot levy a tax while an offer-in-compromise is pending and for thirty days after any rejection or appeal of the rejection." *Kidwell*, 2017 U.S. Dist. LEXIS 25653, at *7. "Thus, the statute of limitations tolls while an offer-in-compromise is pending and for thirty days after any rejection of the offer by the IRS." *Id.* According to the United States, the Stenshoel Defendants made offers-in-compromise with respect to the tax assessments at issue that result in tolling.

Because the United States has asserted tolling – and offered evidence to support its tolling theory – the Court shall dismiss the complaint but shall give the United States leave to amend to include allegations to support the application of tolling. The Court notes that, although the Stenshoel Defendants have challenged the United States' evidence, the Court is dealing with a 12(b)(6) motion only, and evidentiary questions cannot be resolved at the 12(b)(6) phase.

Moreover, the Stenshoel Defendants' argument against tolling may be problematic in light of the Ninth Circuit's decision *United States. v. McGee*, 993 F.2d 184 (9th Cir. 1993) – a case that the Stenshoel Defendants did not address in their papers. In *McGee*, the Ninth Circuit rejected the defendant's argument that "the IRS had abandoned its consideration of his offer in compromise, thereby impliedly rejecting the offer"; the court held that "the waiver [of the benefit of the statute of limitations] remained in effect until the offer in compromise was either terminated, withdrawn, or formally rejected by the government." *Id.* at 186. "[T]axpayers were not left unprotected" by

2

this approach "because they were free at any time to withdraw the offer[-in-compromise], thus restarting the statute of limitations clock." *Id.*

The *McGee* court further rejected the defendant's alternative contention that a letter he received from the IRS was a final rejection of his offer in compromise. According to the court, "[t]hat letter was merely noticed of a proposed rejection" – stating, *inter alia*, that, "'if we do not hear from you within 15 days, we will have to send you a formal rejection of your offer in compromise.'" *Id.* The letter in *McGee* bears some similarity to the letter provided by the Stenshoel Defendants in the instant case. See Kenneally Reply Decl., Ex. F (in letter to the Stenshoels dated November 6, 2012, stating that "we are unable to recommend acceptance of your offer for the amount you indicated" but that "[w]e can . . . recommend acceptance of an amended offer in the amount of $121,556.00"; adding that, "[i]f you do not respond by 11/16/12, your offer *will* be rejected") (emphasis omitted and added).

For the foregoing reasons, the Stenshoel Defendants' motion to dismiss is granted but the United States has leave to amend. The amended complaint shall be filed within four (4) weeks of the date of this order.

This order disposes of Docket No. 19.

**IT IS SO ORDERED**.

Dated: November 8, 2018

_____
EDWARD M. CHEN
United States District Judge

3